**DOMINICK DONATO, TRADING AS DONATO FUNERAL HOME, PLAINTIFF-APPELLANT, v. GRACE J. MASON, DEFENDANT-RESPONDENT.**

Superior Court of New Jersey
Appellate Division

Argued October 5, 1971—Decided October 29, 1971.

Before Judges SULLIVAN, LEONARD and CARTON.

*Mr. Joseph J. Triarsi* argued the cause for appellant (*Messrs. Pisano & Triarsi,* attorneys).

*Mr. Howard R. Popper* argued the cause for respondent.

The opinion of the court was delivered by
LEONARD, J. A. D. Plaintiff, a funeral director, appeals from a judgment of dismissal of its complaint for professional services and cash disbursements totalling $2019.

Joseph C. Mason died on March 10, 1970. Prior to his death he told his brother-in-law, Angelo Bove, that he wanted his funeral arrangements to be handled by plaintiff, Bove's brother-in-law. Upon Mason's death Bove told plaintiff to pick up the body of the deceased and to proceed with the necessary funeral arrangements. Bove stated that he had contacted defendant, decedent's widow, and she told him to make those arrangements "on her behalf."

At about 8:30 that evening plaintiff called defendant, who first told him to come to his home to make the arrangements. Later, she called Bove and told him that he should make the necessary arrangements, as she was too tired. Plaintiff testified that defendant told him, "Bove was to handle the entire matter for her." He conceded, under cross-examination, that defendant at no time promised to pay for the funeral.

Thereafter, a bill for services rendered was tendered to the "Estate of Joseph C. Mason c/o Mrs. Mason." Plaintiff further testified that defendant called him and told him that decedent's sister, Mrs. Bove, was responsible for the bill as next of kin.

The testimony disclosed that decedent left as his estate only a balance of $635 in a checking account and accrued salary and vacation pay in the sum of $928.38. The total of these two items, $1564.38, was received by defendant as the surviving spouse.

Decedent also left two insurance policies, one in the sum of $27,000 payable to defendant and one in the sum of $10,000 payable to his sister, Mrs. Bove.

Under the existing law, although a surviving husband is primarily liable for the funeral expenses of his deceased wife, *Stryker v. Sands*, 4 *N. J.* 182, 188 (1950) ; *DeLisle v. Reeves*, 96 *N. J. Eq.* 416, 418 (E. & A. 1924), a surviving wife is not personally liable for the funeral expenses of her deceased husband. 41 *C. J. S. Husband and Wife*, § 340 at 827; 41 *Am. Jur.* 2d, *Husband and Wife*, § 380 at 318. It is well settled that the reasonable and necessary expenses of

providing an appropriate funeral for him are primarily chargeable to his estate. *Quinn v. Koeck,* 95 *N. J. Super.* 467, 470 (App. Div. 1967). See *Haeberle v. Weber,* 56 *N. J. Super.* 428 (Law Div. 1959).

Perhaps, in light of the present-day legal and social status of married women, the above common-law rule should be modernized so that the liability of either surviving spouse is the same. However, it is not necessary for us to make that determination in order to do justice in this matter.

As noted above, defendant wife received $1564.38 from the estate of her husband. We find that *N. J. S. A.* 3A:6–5 does not entitle her to retain that sum free from the funeral expenses. A funeral bill is not a debt of her deceased husband. Rather, it is "a charge which the law levies against the estate, necessitated by the exigencies of the obligation." *Haeberle v. Weber, supra,* at 431–432. *N. J. S. A.* 3A:24–2 allows funeral expenses to have first preference out of the estate, even before administration expenses. Consequently, she should have paid the reasonable funeral expenses to the extent of the sum received by her from his estate. *Quinn v. Koeck, supra,* 95 *N. J. Super.* at 470. Since she did not, she was unjustly enriched by the retention of that sum and equity mandates that she now pay it to plaintiff. *Callano v. Oakwood Park Homes Corp.,* 91 *N. J. Super.* 105, 108–109 (App. Div. 1966). We recognize that this concept of defendant's responsibility was not specifically asserted at trial. However, the underlying facts are undisputed, the equities are clear and no valid purpose would be served by remanding to the trial court.

Reversed, and remanded to the trial court for the entry of a judgment in plaintiff's favor in the sum of $1564.38.